BARREAL, PETITIONER AND APPELLANT, v. LABIOSA, WARDEN OF THE MAYAGÜEZ JAIL, RESPONDENT AND APPELLEE.

## APPEAL from the District Court of Mayagüez in Habeas Corpus Proceedings.

### No. 1363.—Decided January 30, 1919.

HABEAS CORPUS—MURDER—BAIL—CAPITAL PUNISHMENT.—It being clearly provided by section 2 of the Organic Act, which went into effect on March 2, 1917, that all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great, and the petitioner not being accused of an offense punishable by death because such punishment, pursuant to our amended Penal Code, no longer exists, it having been abolished by Act No. 36 of November 30, 1917, of the Legislative Assembly of Porto Rico, until April 30, 1921, he is entitled to be admitted to bail pending his trial for the crime of murder in the first degree with which he is charged.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. Salvador Mestre, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Juan Rodríguez Barreal filed a petition for a writ of habeas corpus in the District Court of Mayagüez, alleging that he was unlawfully imprisoned because he had not been admitted to bail pending trial, although the crime charged against him did not carry with it the death penalty, and because his imprisonment was arbitrary and illegal for the reason that there was no probable cause for charging him with the commission of a crime punishable by death, as there is no statute now in force in Porto Rico imposing such punishment for any kind of crime.

At the hearing before the judge of the district court it was shown that according to the warrant by virtue of which the warden of the Mayagüez jail holds Juan Rodríguez Barreal in custody, the district attorney of Mayagüez ordered his arrest on a charge of murder in the first degree, and the warrant is silent as to bail.

From the other evidence examined it appears that Juan

Rodríguez Barreal, a resident of the ward of Lajas, made a complaint against Pablo Pérez Lamboy, charging him with having raped the prosecuting witness's daughter, ten years and six months old, and also the servant girl in whose charge he had left his daughter, and that when Pérez Lamboy was signing his declaration before the justice of the peace of Lajas, Juan Rodríguez Barreal entered the court and immediately shot Lamboy with a revolver, killing him.

The district judge denied the petition for a writ of habeas corpus, not on the ground that the crime charged against the petitioner carried with it the death penalty and that consequently under section 372 of the Code of Criminal Procedure he could not be admitted to bail, but on the ground that, according to section 373, when any other offense is charged it is in the discretion of the court to admit the accused to bail, and in this particular case the court did not see fit to exercise that discretion in favor of the petitioner in view of the nature of the facts.

It is deduced from the decision of the judge of the lower court that he is of the opinion that at present no person may be held in jail without being admitted to bail by express provision of law, according to section 372, which so provides in cases of crimes punishable by death, but that according to our amended Penal Code there is now no crime punishable by death, because that penalty was abolished until April 30, 1921, by Act No. 36 of November 30, 1917.

As we agree with the trial judge on this point, we have only to consider whether the petitioner, not being charged with a crime punishable by death, is entitled to be admitted to bail or whether the allowance of bail is discretional.

It is not necessary for us to consider at this time whether or not section 373 of the Code of Criminal Procedure supports the conclusion of the trial judge, for article 2 of the present Organic Act of this Island, which went into effect on March 2, 1917, clearly provides, among other things, that

all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great.

According to this provision, and the petitioner not being charged with a crime punishable by death, he has a right to be released on bail pending his trial for the crime with which he is charged.

It seems to us that in such a case as this bail in the amount of $500 is sufficient.

The decision appealed from should be

*Reversed and substituted.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.